UNITED STATES DISTRICT COURT               O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SERGIO SAENZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-156 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is JP Morgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC's ("Defendant") motion to dismiss.[1]  After considering the motion, response, reply, record and governing authorities, the Court **GRANTS** the motion in part and **DENIES** it in part.

## I.      Background

This real estate case was removed on March 8, 2013.[2] On April 4, 2013, the case was transferred from the Brownsville Division to this Court.[3]

The day the Court received this case it notified Sergio Saenz ("Plaintiff") that it was considering dismissing this case for failure to state a claim.[4]   The Court gave Plaintiff an opportunity to amend his complaint or otherwise respond on or before April 25, 2013.[5]  But the Court warned Plaintiff that if he filed "an amended complaint that fails to state a claim, the Court

---

[1] Dkt. No. 14.
[2] Dkt. No. 1.
[3] Dkt. No. 6.
[4] Dkt. No. 8.
[5] *Id.*

will likely dismiss this case with prejudice."[6]   On April 24, 2013, Plaintiff filed an amended complaint.[7]

In the amended complaint Plaintiff asserts that he and Defendant entered into a loan transaction in which Plaintiff signed a note and deed of trust.[8]   In Plaintiff's amended complaint he alleges that Defendant foreclosed on his property without providing him notice as required by the deed of trust and the Texas Property Code.[9]   Plaintiff states the following theories of recovery in the amended complaint: wrongful foreclosure; negligence; fraud; breach of contract; and breach of fiduciary duty.[10]  Also Plaintiff seeks an accounting.[11]

On May 6, 2013, Defendant filed a motion to dismiss.[12]  After the Court granted Plaintiff an extension of time to respond, Plaintiff responded on June 3, 2013,[13] and Defendant replied.[14]

## II.    Analysis

In this case Defendant answered in state court, and Plaintiff filed an amended complaint in federal court.  Generally after an answer has been filed, a 12(c) motion should be filed instead of a 12(b)(6) motion.  Here where the answer was followed by an amended petition it is unclear which was the appropriate motion.  Because "[t]he standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)[,]"[15] the Court need not determine whether the motion to dismiss should be construed as a 12(b)(6) or a 12(c) motion.[16]

---

[6] *Id*.
[7] Dkt. No. 11.
[8] Dkt. No. 11 at p. 2.
[9] Dkt. No. 11 at pp. 2-4.
[10] Dkt. No. 11 at pp. 4-6.
[11] Dkt. No. 11 at p. 6.
[12] Dkt. No. 14.
[13] Dkt. Nos. 18-19.
[14] Dkt. No. 20.
[15] Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).
[16] *See* Al Rushaid v. Nat'l Oilwell Varco, Inc., Civ. No. H-11-3390, 2012 WL 1981990, at *4 (S.D. Tex. June 1, 2012).

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff."[17] "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21]  Furthermore, Plaintiff's fraud allegation is subject to the heightened pleading standard of Rule 9(b).[22]

This case is before the Court on diversity jurisdiction.  "Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law . . .  Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[23]

## A.    Wrongful Foreclosure

First, the Court considers whether Plaintiff has stated a claim for wrongful foreclosure.  Defendant moved to dismiss this claim, and Plaintiff responded.[24]

---

[17] Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (citation omitted).

[18] FED. R. CIV. P. 8(a).

[19] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[20] *Id.* (citing *Twombly*, 550 U.S. at 556).

[21] *Id.* (citing *Twombly*, 550 U.S. at 555).

[22] FED. R. CIV. P. 9(b).

[23] Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426-427 (1996) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

[24] Dkt. No. 14 at pp. 3-5; Dkt. No. 19 at pp. 2-5.

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[25]   But in some situations an allegation of a grossly inadequate sales price has been found to be unnecessary:

> "[W]here there is a deliberate chilling of the bidding process, the situation is entirely different. Legal authorities now recognize that a mortgagor, even though in default, has a right to an orderly disposition of the property in which the creditor has a security interest, and if a defect deters third party bidding, then an action for damages should lie.[26]

In its motion to dismiss, Defendant highlights Plaintiff's failure to allege a grossly inadequate sale price, and Plaintiff responds that such an allegation is not always necessary and argues that, for example, allegations of deliberate chilling of the bidding process may render it unnecessary to allege a grossly inadequate selling price.   But this argument, while interesting, is not relevant in this case because Plaintiff has failed, in both the amended petition and the response, to allege that Defendant deliberately chilled the bidding process.

Plaintiff also cites *Burnett v. Manufacturer's Hanover Trust Co.*[27] and *Tamplen v. Bryeans,*[28] but does an incredibly poor job of explaining the significance of these cases.   It appears that these cases are cited (at least in part) for the proposition that there are many types of errors, including lack of notice, which may satisfy the "defect" prong of a wrongful foreclosure action.   But here, even if the Court assumes (for the limited purpose of evaluating Plaintiff's wrongful foreclosure claim) that Plaintiff's allegations that Defendant did not provide proper notices satisfy the "defect" prong, this  claim is still subject to dismissal because Plaintiff has not

---

[25] Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).
[26] Charter Nat. Bank—Houston v. Stevens, 781 S.W.2d 368, 374 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (citation omitted).
[27] 593 S.W.2d 755 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.).
[28] 640 S.W.2d 421 (Tex. App.—Waco 1982, writ ref'd n.r.e.).

properly alleged that he is entitled to relief under a theory of wrongful foreclosure.   As one court explained:

> [F]ollowing a wrongful foreclosure sale conducted pursuant to a power of sale contained within a deed of trust, the mortgagor may seek two *alternative* remedies. The mortgagor may elect to: (1) set aside the void trustee's deed; or (2) recover damages in the amount of the value of the property less indebtedness.[29]

In this case, Plaintiff appears to be seeking both *to set aside the foreclosure sale* under a theory of wrongful foreclosure and *to recover damages* under a theory of wrongful foreclosure. While damages may be pled in the alternative, Plaintiff would not be entitled to both forms of relief as pled for here.  But more problematic for Plaintiff is the reality that he has failed to allege facts which would support *either* type of relief available in a wrongful foreclosure action.

First, Plaintiff's amended complaint and response fail to allege that there was any discrepancy between the value of the property and the indebtedness.  Without such an allegation, Plaintiff's claim for damages which is based on a theory of wrongful foreclosure must be dismissed.

Turning to Plaintiff's request to set aside the foreclosure sale, a Texas Court of Appeals has explained:  "In order to set aside the foreclosure sale, however, the mortgagor must tender the amount owed on the mortgage. Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity."[30]  Here, Plaintiff's amended complaint and response fail to allege that Plaintiff has made a valid tender of the money due or is now making a valid tender of the money due.

---

[29] Diversified, Inc. v. Gibraltar Sav. Ass'n, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *see also* UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc., 176 S.W.3d 595, 609-10 (Tex. App.—Corpus Christi 2005, pet. denied) (citations omitted).

[30] Galvan v. Centex Home Equity Co., L.L.C., No. 04-06-00820-CV, 2008 WL 441773, at *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (citing Lambert v. First Nat'l Bank of Bowie, 993 S.W.2d 833, 835 (Tex.App.—Fort Worth 1999, pet. denied); Fillion v. David Silvers Co., 709 S.W.2d 240, 246 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)) (mem. op.).

In summary, Plaintiff has not set forth allegations that, if proven, would entitle him to relief in the form of damages or setting aside the foreclosure sale (the only two forms of relief available in a wrongful foreclosure action).   Because Plaintiff has not stated a wrongful foreclosure claim *upon which relief can be granted*, the Court **DISMISSES** Plaintiff's wrongful foreclosure claim with prejudice.

## B.      Negligence

Next, the Court considers whether Plaintiff has stated a negligence claim.   Defendant explicitly moved to dismiss Plaintiff's negligence claim,[31] and Plaintiff completely failed to address his negligence claim in his response.

The elements of a negligence claim are familiar, but they bear repeating: "To establish negligence*, a party must establish a duty*, a breach of that duty, and damages proximately caused by the breach."[32]  "A duty represents a legally enforceable obligation to conform to a particular standard of conduct."[33]   When a negligence claim is asserted, "[w]hether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists."[34] Furthermore, "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances."[35]  Sometimes, a defendant owes no duty to a plaintiff.[36]

The Court notes that disputes over foreclosures are generally contractual disputes. Furthermore, the Texas Supreme Court has stated that when a contract spells out the parties'

---

[31] Dkt. No. 14 at p. 5.
[32] Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (emphasis added).
[33] Way v. Boy Scouts of Am., 856 S.W.2d 230, 233 (Tex. App.—Dallas 1993, writ denied) (citation omitted).
[34] *Kroger*, 197 S.W.3d at 794 (citation omitted).
[35] Torrington Co. v. Stutzman, 46 S.W.3d 829, 837 (Tex. 2000).
[36] *Cf.* Nabors Drilling, U.S.A., Inc. v. Escoto, 288 S.W.3d 401, 404-13 (Tex. 2009); Gen. Elec. Co. v. Moritz, 257 S.W.3d 211, 218 (Tex. 2008).

respective rights about a particular transaction, the contract and not common-law negligence governs any dispute about that transaction.[37]

After reviewing the amended petition and Plaintiff's response, the Court finds that Plaintiff has failed to sufficiently allege that Defendant had a common law duty to him which would support a negligence claim.   Consequently, Plaintiff's negligence claim is **DISMISSED** with prejudice.

## C.    Breach of Fiduciary Duty

Defendant moves to dismiss Plaintiff's breach of fiduciary duty claim,[38] and Plaintiff failed to address this issue in his response.

> "The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant."[39]

Judge Rosenthal explained the following in *Williams v. Countrywide Home Loans, Inc.*:

> A cause of action for breach of fiduciary duty requires a fiduciary relationship between the parties. 'In certain formal relationships, such as an attorney-client or trustee relationships, a fiduciary duty arises as a matter of law.' However, 'not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship.' 'To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.'[40]

She further observed that "Texas courts have held that the relationship between a borrower and lender is not a fiduciary one."[41]

---

[37] DeWitt Cnty. Elec. Co-op., Inc. v. Parks, 1 S.W.3d 96, 105 (Tex. 1999).

[38] Dkt. No. 14 at p. 8.

[39] Graham Mortg. Corp. v. Hall, 307 S.W.3d 472, 479 (Tex. App.—Dallas 2010, no pet.) (citations omitted).

[40] 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (quoting Meyer v. Cathey, 167 S.W.3d 327, 330 (Tex.2005); Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 176–77 (Tex.1997); Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 287 (Tex.1998)).

[41] *Id*. at 192 (citing 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital, 192 S.W.3d 20, 36 (Tex.App.—Houston [14th Dist.] 2005, pet. denied); Mfrs. Hanover Trust Co. v. Kingston Inv. Corp., 819 S.W.2d 607, 610 (Tex.App.—Houston [1st Dist.] 1991, no writ)).

Here, the Court notes that Plaintiff's complaint contains no factual allegations that tend to suggest that Defendant owed a fiduciary duty to Plaintiff.  There are no allegations that suggest that Plaintiff and Defendant had a special relationship of trust and confidence that existed prior to and apart from the note and the deed of trust which are the only two agreements mentioned in the complaint.  Additionally, Plaintiff's allegation regarding the duty of the *trustee* under the deed of trust is misplaced because the trustee is not a party to this suit.  Therefore, the Court **DISMISSES** Plaintiff's breach of fiduciary duty claim with prejudice.

### D.    Fraud

Now the Court considers whether Plaintiff has stated a claim for fraud.  Defendant explicitly moved to dismiss this claim,[42] and Plaintiff did not respond on this issue.  As noted above, a claim for fraud is subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.    Rule 9(b) "requires that [a plaintiff] 'state with particularity the circumstances constituting the fraud.'  'Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.'"[43]  The Texas Supreme Court has explained the following regarding fraud:

> The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.[44]

Here, Plaintiff's complaint falls far short of alleging fraud with particularity as required by the federal rules.   Plaintiff does not allege that Defendant made any affirmative misrepresentations.  At best, Plaintiff is attempting to allege that Defendant committed fraud by

---

[42] Dkt. No. 14 at pp. 5-7.
[43] Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting Fed. R. Civ. P. 9(b); Benchmark Elec., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003)).
[44] In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

sending the notices to an incorrect address.  In short, Plaintiff's allegations fall far short of alleging a fraud claim.  Therefore, the Court **DISMISSES** Plaintiff's fraud claim with prejudice.

### E.    An Accounting

The Court now considers Plaintiff's request for an accounting.  Defendant moved to dismiss the claim for accounting,[45] and Plaintiff did not address this issue in his response.

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action."[46] "An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law."[47]

Here, Plaintiff's amended complaint does not include allegations that even suggest that the facts and accounts presented are so complex that adequate relief may not be obtained at law. Therefore, the Court **DISMISSES** Plaintiff's request for accounting (to the extent it is stated as a separate cause of action) with prejudice.

### F.    Breach of Contract

The Court now considers whether Plaintiff has stated a claim for breach of contract.  "To prevail on a claim for breach of contract, the plaintiff must establish the following elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[48]  Defendant argues that Plaintiff's breach of contract claim should be dismissed because Plaintiff has not alleged the last three elements,[49] and Plaintiff responded.[50]

---

[45] Dkt. No. 14 at pp. 8-9.
[46] Michael v. Dyke, 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001, no pet.) (citations omitted) *abrogated on other grounds as recognized by* Hoodye v. Wells Fargo Bank, NA, Civ. No. 2:12-cv-402, 2013 WL 672567, at *2 (S.D. Tex. Feb. 25, 2013).
[47] Hutchings v. Chevron U.S.A., Inc., 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied) (citing Richardson v. First Nat'l Life Ins. Co., 419 S.W.2d 836, 838 (Tex. 1967).
[48] S. Elec. Servs., Inc. v. City of Hous., 355 S.W.3d 319, 323-24 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).
[49] Dkt. No. 14 at pp. 7-8.
[50] Dkt. No. 19 at pp. 5-6.

Defendant argues that Plaintiff has not alleged that he performed or tendered performance.  Generally the failure to make such an allegation would warrant dismissal, but Plaintiff here alleges breach of a deed of trust.  Texas courts have long held that strict compliance with the notice provision contained in a deed of trust "is a prerequisite to the right of the trustee to make [a] sale."[51]  Plaintiff alleges in the amended complaint that Defendant did not provide proper written notice of foreclosure as required by the Deed of Trust.[52]  The notice requirements regarding foreclosure must necessarily survive some failures to perform under a contract.  If not, those requirements would simply be illusory because no borrower in default could ever enforce them.  Therefore, the Court rejects the Defendant's argument that Plaintiff's failure to allege performance is fatal to his breach of contract claim.

Defendant also argues that Plaintiff has not alleged that there was a breach and appears to suggest that the record demonstrates that there was no breach.[53]  Specifically, Defendant claims that it sent notices in compliance with Paragraph 15 of the Deed of Trust.[54]  In support of this argument, Defendant highlights Plaintiff's allegation that he notified Defendant of a change of address telephonically, when the Deed of Trust required notification in writing.  Next, Defendant argues that it can be reasonably inferred that the notices were sent to and received at the property address because the tenant was aware of the foreclosure.

In the amended complaint, Plaintiff alleges that Defendant failed to comply with the requirements of the deed of trust and foreclosed on the property in breach of the agreement.[55]  Furthermore, in Plaintiff's response, he explains that the tenant received notice *after* the

---

[51] Hous. First Am. Sav. v. Musick, 650 S.W.2d 764, 768 (Tex. 1983); *see also* Jasper Fed. Sav. & Loan Ass'n v. Reddell, 730 S.W.2d 672, 674 (Tex. 1987).
[52] Dkt. No. 11. at p. 5.
[53] Dkt. No. 14 at pp. 4 & 7.
[54] *Id*.
[55] Dkt. No. 11 at p. 2.

foreclosure occurred when the notices were physically posted on the property.[56] Here, when Plaintiff's allegations are viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged that Defendant breached the contract.  Furthermore, Plaintiff's allegations do not demonstrate that Defendant met its contractual obligations.

Next, Defendant argues that Plaintiff did not allege any damages that were caused by the breach of contract.  Turning to the amended complaint, Plaintiff alleges that "[d]ue to the above specified facts and causes of action, Plaintiff has been irreparably harmed, including but not limited to losing his homestead, which is a unique piece of property . . . ."[57]  Admittedly, this passage is confusing because Plaintiff placed it under the "Wrongful Foreclosure" heading. Nevertheless, when this allegation is viewed in the light might favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that he was harmed by Defendant's breach of contract.

After reviewing the amended petition and the response, the Court finds that Plaintiff has stated a claim for breach of contract.  Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's breach of contract claim.

---

[56] Dkt. No. 19 at pp. 4-5.
[57] Dkt. No. 11 at p. 5.

**III.      Conclusion**

After considering the motion to dismiss, response, reply, record, and relevant authorities, the Court **GRANTS** the motion to dismiss in part and **DENIES** it in part.  Specifically, the Court **GRANTS** Defendant's motion as to Plaintiff's wrongful foreclosure, negligence, breach of fiduciary duty, fraud, and accounting claims. Accordingly, the wrongful foreclosure, negligence, breach of fiduciary duty, fraud, and accounting claims are **DISMISSED** with prejudice.  The Court **DENIES** Defendant's motion as to Plaintiff's breach of contract claim.  Therefore, the breach of contract claim remains.

IT IS SO ORDERED.

DONE this 27th day of June, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE